COVENANT.     Guffield *vs* Town of Bowlinggreen, two
                              cases.

*Case* 43.                    ERROR TO THE WARREN CIRCUIT.

*Bowlinggreen Trustees, their charter powers.    Contracts.*

*Oct.* 17.      JUDGE MARSHALL delivered the opinion of the Court.

The case stated.    This action of covenant was brought by Guffield
against the town of Bowlinggreen, upon a written con-
tract between the town and himself, executed on the part
of the town and in its name, by three commissioners, au-
thorized by an order of the Board of Trustees, to let and
contract for the grading, paving, &c. of a part of Plain
street, in said town.   The agreement contains various
stipulations on the part of Guffield, describing the work
and the manner in which it is to be done, and concludes
as follows: "The payment to be made by the Trustees of
the town of Bowlinggreen aforesaid, being the parties of
the first part, to the party of the second part, whenever
the work is done to the satisfaction of the commissioners,
&c." And a memorandum is added fixing an additional
price for a part of the work, for reasons stated therein,
and which was reported to the Board of Trustees as a
part of the agreement.   The declaration avers that the
Trustees had power to authorize the work and the con-
tract therefor; that they did authorize their commissioners
to enter into the contract; that the plaintiff performed
the work as stipulated; that it was approved by the com-
missioners, who made report thereof to the Trustees,
showing that $310 11 of the whole cost, was still due;
and that a subsequent committee appointed by the Board,
also made a report to the same effect, stating that $310 12
remained due, and should be paid to the plaintiff, which
report was approved by the Board; and a breach is al-
ledged in the non-payment of the sum of $685 20¾, the
total price of the work as reported.

Pleadings by de-    General and special pleas of *non est factum* were filed,
fendants.       also a plea denying the authority of the persons by whom
the contract was made, a plea denying the validity of the

orders of the Board of Trustees under which the work was done, and a plea denying specially, the obligatory force of the additional writing stipulating for an increased price for some of the work.

The case was submitted to the Judge upon a statement of facts agreed, together with various orders of the Board of Trustees, with an agreement that all allowable amendments of the declaration which the facts authorized, should be considered as made, and all pleas of *non est factum* or otherwise, which might be authorized by the facts, should be regarded as duly filed, and that the Judge should, thereupon, give judgment for one or the other party, according to his opinion of the law and the facts, subject to appeal, &c.

The case having been thus freed from all questions of mere form, except as to the form of the action, we have stated the substance of the pleadings as being the briefest mode of stating the principal facts and the points relied on. The facts stated in the declaration are true, subject only to the question as to the authority of the commissioners to make the contract in the name of the town, or thereby to bind the town. And this authority is denied upon the grounds: 1st. That the Board of Trustees had no power to grade and pave at the general expense of the town, but only at the expense of the owners of lots adjacent to the street improved ; and 2d, That the Board did not authorize nor intend to authorize a contract in the name of the town, or which should bind the town for payment. In support of the first of these grounds, it is contended that as the 6th section of the act of 1836, concerning the town of Bowlinggreen, (*Session Acts*, 395,) by adopting the 13th section of the act incorporating the town of Frankfort, (*Session Acts of* 1835, 377,) confers expressly upon the Trustees the power of grading and paving at the expense of the lot holders, on the conditions therein expressed, and confers no other power on the subject, the Trustees have no other power but that which is expressed.

But as we conceive, the power of grading and paving the streets and of appropriating to that purpose such funds as the Trustees were authorized to raise by taxation

GUFFIELD
*vs*
TOWN OF BOWLINGGREEN.

Decision and judgment of the Circuit Court.

The power of the Board of Trustees of Bowlinggreen to grade

GUFFIELD
*vs*
TOWN OF BOW-
LINGGREEN.
_____

and pave the
streets, existed
independently of
the act of 1836,
to the extent of
their revenue not
otherwise appro-
priated by law.

or otherwise, and were allowed to appropriate as they might think proper, for the benefit of the town, existed before the act of 1836, and if not expressly granted, resulted as a matter of course, from their general rights and powers in regard to the ownership and superintendence of the streets, and in the government and improvement of the town. And the power granted by the act of 1836, though it be to accomplish the same end of grading and paving the streets, is a power to do it in a different way; that is, by assessment on particular lot owners, and being conferred without any negation of the former power, the grant is cumulative and not restrictive. And so it seems to have been understood by the Trustees themselves, since in their ordinance of December, 1839, after expressing their determination to grade and pave at the cost of the lot owners, upon such petition as in their view would authorize their doing so, they declare that any lot paved under the provisions of this ordinance, shall be free from being taxed to assist in paving under any other principle that might thereafter be adopted to pave or McAdamize by general taxation.

This question of power in the Trustees of Bowlinggreen, stands on substantially the same grounds on which the like question as to the Trustees, and afterwards the Common Council of Louisville, was discussed and decided in the case of *Louisville* vs *Hiatt*, (5 *B. Monroe*, 199.) And without further argument, we are of opinion, in this as in that case, that the Trustees of Bowlinggreen had, and have power to the extent of their revenue not otherwise appropriated by law, to pledge the funds and bind the faith of the town for improvements of the streets, to be paid for by general taxation.

In support of the second ground assumed by the defendants, it is contended that the general ordinances of the Board for improving the streets, and the particular ordinance under which this contract was made, and which refers to the former, show that the Trustees intended to grade and pave the street in question at the cost of the lot owners, under the power conferred by the act of 1836, and not at the cost of the town at large, even if they had power to do so; and therefore, that the ordinance au-

thorizing the commissioners to let and contract for this particular work, should not be construed as authorizing them to bind the town for payment.   But the particular ordinance positively directs a certain portion of the street to be improved, and authorizes the commissioners named, to contract and superintend the work, allowing any lot owner to do that part in front of his lot.   The contract, as made in writing, with the addition before mentioned, was reported to the Board and received without objection. A subsequent report, showing that the work was done according to contract, stating the whole price, and that a portion thereof having been paid by some of the lot owners, $310 12 remained due and should be paid to the contractor, was also approved, and the Board proceeded to provide for its payment by assessing that sum propo.-tionally upon the lots whose owners had not paid.   By the resistance of the parties whose lots were thus assessed, the question was brought to this Court whether the circumstances existed under which, according to the statute, the Trustees were authorized to pave, &c. at the expense of the lot owners, and it was decided, *Town of Bowling-green* vs *Hobson*, (3 *B. Monroe*, 478,) that the statute did not confer the power of improving a part of a street at the expense of the lot owners on that part, upon the petition of a portion of them; and therefore, that for an improvement ordered and made under the authority of the Board, on such a petition, there was no power of co-ercing payment by assessment and sale of the adjacent lots.   The consequence was, that there was no power to collect the assessment from the recusant lot owners, and this source, to which all parties may have looked, as fur-nishing the means of payment, utterly failed.

But the Trustees had acted upon their own construction of the law, and on their own judgment as to the sufficien-cy of the petition.   And it is too late, after the work has been done under their order, and in pursuance of a con-tract directed and sanctioned by them, to repudiate the contract, and deny the liability which it imposes, on the ground that they were mistaken in their own powers, and that the particular source to which they looked for the means of paying for the work, is in consequence of

GUFFIELD
vs
TOWN OF BOW-
LINGGREEN.

their mistake, wholly unavailable. Conceding that the undertaker of the work knew from what source, and by what means the Trustees intended and expected to provide the means of payment, and that he impliedly consented, or was bound to await the regular application of those means, and that he even incurred all hazard as to the sufficiency of the lots to answer the assessments made upon them respectively; still it does not follow, and cannot be admitted that he incurred any hazard, or is to be understood as acting on his own judgment with regard to the existence of the remedy for enforcing the assessments. As to that matter the Trustees had already undertaken to judge and decide; and he had a right to rely on their judgment. Indeed, as the contract makes no reference to any particular means of payment, but imports a general liability of the town, or of the Trustees acting for it, the basis of any implication which involves the contractor to any extent in the result of any remedy for the realization of those means, involves also an implied guaranty or assurance, on the part of the Trustees, that such remedy exists. And as its non-existence results from their mistake or failure, surely the loss ought not to fall upon the man who has done the work upon the faith of their contract and representation; but the contract should be enforced according to its terms, which import an obligation on the town.

In the case of *Louisville* vs *Hiatt, supra*, the main principles on which this question rests, are discussed and decided against the city; although in that case the written contract contained an express stipulation that the contractor was not to look to the city for payment, &c., and although also, the statutes relating to grading and paving in Louisville, at the expense of the lot owners, give to the contractor who has done the work a lien on the lots, and a direct remedy to enforce the assessments. In this case there is no such stipulation to embarrass the remedy against the town upon the contract. And the statute, instead of giving to the contractor a lien and remedy against the lots, gives them expressly and exclusively to the trustees of the town. So that the contractor has no remedy against those lot owners who do not consent to the work, but must

look solely to the Trustees or the town, which shows that it was at least not improper to draw the contract expressly as between him and the town. Since, in whatever form the Trustees might have the contract drawn out, it can give the contractor no remedy against the lot owners, who are not parties to it, and since he ought to have remedy against the town, for whose benefit and under whose authority the work is done.

We are of opinion, therefore, that neither the commissioners nor the Trustees exceeded their authority, as representing the town in executing and approving the contract in the name of the town; and that according to the case of *Commercial Bank of N. O.* vs *the Newport Manufacturing Company,* (1 *B. Monroe,* 13,) the writing sued on is to be taken as the written executory contract of the town of Bowlinggreen; which has no common seal, and is authorized by that name to contract; and that under our statutes, the action of covenant may be maintained on said writing. We are also of opinion that the memorandum under written, should be taken as a part of the contract.

Wherefore, the judgment is reversed and the cause remanded for a new trial, on the principles of this opinion.

---

DeBoard *vs* The town of Bowlinggreen, heard with the last case.

THIS was an action of assumpsit for work and labor in grading and paving a part of Main South street in the town of Bowlinggreen, under the order of the Board of Trustees, and it differs from the case just decided only in the circumstances that a written contract for the work was made with Price, and that DeBoard having actually done a portion of what is provided for in that contract, was recognized by subsequent orders of the Board as the person entitled to receive payment; and for his benefit an assessment was made upon the lots, but the remedy for its enforcement proving ineffectual, or rather illegal, in consequence of the insufficiency of the petition on which the Trustees had acted, this action of assumpsit was brought against the town. As the orders recognizing the performance and completion of the work by DeBoard,

*Margin notes:*

DeBoard *vs* Town of Bowlinggreen.

A contract made by commissioners appointed by the Trustees of the town of Bowlinggreen, to contract for the grading and paving of the streets, is binding on the town without any seal of the corporation.

ASSUMPSIT.

The Trustees of Bowlinggreen were liable in assumpsit for work and labor done on their streets, which they recognized as done for them, and by plaintiff; his receipt of an assessment upon the lots for payment, which could not be enforced, was no bar to this remedy.

and acknowledging his right to receive payment, and *pro-* viding for its enforcement, tend, in the absence of all proof as to Price's agency in having the work done, to prove a verbal contract with DeBoard by the agents of the town, and under the authority of the ordinance directing the improvement to be made; and as at any rate, they amount to an acknowledgment of indebtedness to him, on which the law would imply an assumpsit to pay the sum acknowledged to be due, we are of opinion that the action can be maintained upon the pleadings and facts in the case; and that the plaintiff was entitled to recover.

Wherefore, the judgment is reversed and the cause is remanded for a new trial.

*Grider & Loving* for plaintiffs: *Underwood* for defendants.

